UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
INDUSTRIAL QUICK SEARCH, Inc.,
MICHAEL MEIRESONNE,
MEIRESONNE & ASSOCIATES, Inc,.

                Plaintiffs,

      -against-              Case No. 09-CV-1340


MILLER, ROSADO & ALGOIS, LLP,
CHRIS ROSADO and
NEIL A. MILLER, Esq.,

                Defendants.
-------------------------------------------------------X


# PLAINTIFFS' MEMORANDUM OF LAW
# IN OPPOSITION TO
# DEFENDANT'S MOTION FOR
# SUMMARY JUDGMENT


### ANDREW LAVOOTT BLUESTONE
**Attorney At Law**
Woolworth Building
233 Broadway, 27th Floor
New York, New York  10279

## Table of Contents

Page(s)

TABLE OF AUTHORITIES........................................................................i

PRELIMINARY STATEMENT...............................................................1

POINT I

    DEFENDANTS FAIL TO DEMONSTRATE A PRIMA FACIE
    ENTITLEMENT TO SUMMARY JUDGMENT.................................2

POINT II

    PLAINTIFF DEMONSTRATES GENUINE
    ISSUES OF MATERIAL FACT...................................................5

        PLAINTIFF HAS DEMONSTRATED A MERITORIOUS
        CLAIM OF LEGAL MALPRACTICE......................................6

        THE CONFLICTING TESTIMONY OF EXPERTS
        CREATES A QUESTION OF FACT.......................................9

        PLAINTIFF HAS DEMONSTRATED ITS OWN
        ENTITLEMENT TO SUMMARY JUDGMENT
        HENCE THERE ARE GENUINE AND MATERIAL
        FACT QUESTIONS......................................................10

        PLAINTIFF'S STATES A CAUSE OF ACTION FOR
        BREACH OF CONTRACT, HENCE THERE ARE
        GENUINE QUESTIONS OF MATERIAL FACT........................16

        MOVANT MAY NOT RELY UPON "JUDGMEMNT"
        RULE IN A MOTION FOR SUMMARY JUDGMENT.....................17

CONCLUSION.................................................................................20

## Table of Authorities

**Page(s)**

*Achtman v. Kirby, McInerney & Squire, LLP*
464 F.3d 328, 337 (2d Cir. 2006)..................................................................6

*Adickes v. S.H. Kress & Co.*
398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970)..............................................3, 13

*Alsaydi v. GSL Enters.*
238 AD2d 533.................................................................................10

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986)..................3, 4, 5, 11, 12, 13, 14, 15, 16

*Apex Oil Co. v. DiMauro*
822 F.2d 246, 252 (2d Cir), cert. denied, 484 U.S. 977, 108 S. Ct. 489 (1987).....................3

*Aslanidis v. U.S. Lines, Inc.*
7 F.3d 1067, 1072 (2d Cir. 1993)................................................................14

*Belivacqua v. Bloomberg LP,*
2012 NY Slip Op 30293U  (S.Ct. NY Cty 2012).....................................................10

*Brady v. Town of Colchester*
863 F.2d 205, 211 (2d Cir. 1988)................................................................16

*Byrnes v. Palmer*
18 AD 1 (2d Dept,1897).........................................................................17, 19

*Celotex Corp. v. Catrett*
477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986)............................................ 3, 11, 12, 13

*Chambers v, TRM Copy Ctrs. Corp*
43 F3d 29 (2d Cir. 1994)........................................................................3, 4

*Charlotten v. Heid*
2011 U.S. Dist. LEXIS 86060.....................................................................11

*Chertkova v. Conn. Gen. Life Ins. Co.*
92 F.3d 81, 86 (2d Cir. 1996)...................................................................4, 14

*Chodos v. Flanzer*
109 AD2d 771 (2d Dept, 1985)....................................................................10

*Citron v. Northern Dutchess Hosp*
198 AD2d 618...................................................................................10

*City of Yonkers v. Otis Elevator Co.*
844 F.2d 42, 45 (2d Cir. 1988)...............................................................11

*Coppola v. Bear Stearns & Co.*
499 F.3d 144, 148 (2d Cir. 2007)..........................................................4, 14

*Del. & Hudson Ry. Co. v. Consol. Rail Corp.*
902 F.2d 174, 178 (2d Cir. 1990).............................................................14

*Diamond v. Sokol*
468 F.Supp.2d 626 (Dist.Ct. SD, New York, 2006)...............................14, 18

*Donahue v. Windsor Locks Bd. of Fire Comm'rs*
834 F.2d 54 , 57 (2d Cir. 1987)................................................................16

*Dweck Law Firm LLP v. Mann*
283 AD2d 292 (1st Dept, 2001)...............................................................17

*ELO Group LLC v. Greater N.Y. Mut. Ins. Co.*
2011 NY Slip Op 32948U  (S.Ct., NY County 2011)...............................10

*Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co.*
375 F.3d 168, 177 (2d Cir. 2004)..............................................................16

*Feingold v. New York*
366 F.3d 1238 (2d Cir. 2004).....................................................................3

*First Nat'l Bank of Az. v. Cities Serv. Co.*
391 U.S. 253, 288, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968)........................12

*Frobose v Weiner*
19 AD3d 258  [1st Dept 2005]................................................................10

*Gallo v. Prudential Residential Servs., Ltd. P'ship*
22 F.3d 1219, 1223 (2d Cir. 1994).........................................................3, 13

*Gleeson-Casey v Otis Elevator Company*
268 AD2d 406, 407 (2d Dep't 2000).........................................................9

*Golden Pacific Bancorp. v. F.D.I.C.*
375 F.3d 196, 200 (2d Cir. 2004).............................................................12

*Gottlieb v. County of Orange*

84 F.3d 511, 518 (2d Cir. 1996)..................................................................15

*Grago v. Robertson*
49 A.D.2d 645, 646, 370 N.Y.S.2d 255 (3d Dep't
1975)............................................................................................7, 18

*Guzman v. Saks Fifth Ave Corp.*
141 AD2d 801..............................................................................10

*Holtz v. Rockefeller & Co., Inc.*
258 F.3d 62, 69 (2d Cir. 2001)................................................................5

*Hutchinson v. United States*
8838 F.2d 390 (9th Cir, 1988)................................................................9

*Ideal Steel Supply Corp. v. Beil*
55 A.D.3d 544, 546, (2d Dep't 2008)......................................................17

*Jacobs v. American Transit Ins. Co.*
2002 NY Slip Op 50418U (Civ.Ct., NY, 2002)..........................................18

*Janda v. Michael Rienze Trust*
2009 NY Slip Op 31371U.....................................................................10

*Kaytor v. Elec. Boat Corp.*
609 F.3d 537, 545 (2d Cir. 2010)............................................................13

*Lang v. Ret. Living Pub. Co.*
949 F.2d 576, 580 (2d Cir. 1991).............................................................3

*Major League Baseball Props., Inc. v. Salvino, Inc.*
542 F.3d 290, 309 (2d Cir. 2008)........................................................4, 14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)....................12, 15

*Murphy v. Implicito*
392 N.J. Super. 245, 265, 920 A.2d 678 (App. Div. 2007)..........................16

*Newmann v. United States*
938 F.2d 1258 (11th Cir, 1991)................................................................9

*Niles v. Shue Roofing Co.,*
244 AD2d 820...................................................................................10

*Noelle v. Hofflich,*

234 AD2d 655...................................................................................................10

*Patterson v. County of Oneida*...............................................................…..........15

*Pickett v. RTS Helicopter*
128 F.3d 925, 928 (5th Cir. 1997)...........................................................................15

*Pillard v. Goodman*
82 AD3d 541 (1st Dept, 2011)................................................................................18

*Reeves v. Sanderson Plumbing Prods., Inc.*
530 U.S. 133, 149, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)...................................12

*Rosner v. Paley*
65 NY2d 736 (1985)......................................................................................17, 18

*Rubens v. Mason*
527 F.3d 252, 255 (2d Cir. 2008)..................................................................5, 18, 19

*Rudolph v. Shayne, Dachs, Stanici, Corker & Sauer*
8 NY3d 438 (2007)............................................................................................9

*Rule v. Brine, Inc.*
85 F.3d 1002, 1011 (2d Cir. 1996)..........................................................................14

*Sanchez v Otto Martin Maschinenbau GMBH & Co.*
281 AD2d 284, 285, 722 N.Y.S.2d 140 (1st Dep't 2001).................................................9

*Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*
183 F.3d 155, 160 (2d Cir. 1999)...........................................................................15

*Savings Bank v. Ward*
100 U.S. 195; 25 L.Ed. 621; 10 Otto 195 (1879)........................................................19

*SCR Joint Venture L.P. v. Warshawsky*
559 F.3d 133, 137 (2d Cir. 2009)........................................................................4, 14

*Senise v. Mackasek*
227 A.D.2d 184, 185, 642 N.Y.S.2d 241 (1st Dep't 1996).............................................17

*Shields v Baktidy*
11 AD3d 671, 672 (2d Dept 2004)..........................................................................10

*Sitts v. United States*
811 F.2d 736 (2d Cir, 1987)..................................................................................9

*Stonewell Corp. v. Conestoga Title Ins. Co.*
678 F. Supp. 2d 203, 208 (S.D.N.Y. 2010)…………………………………………..…………7

*United States v. Diebold, Inc.*
369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962)………………………….………...5

*Viola v. Philips Med. Sys. of N. Am.*
42 F.3d 712, 716 (2d Cir. 1994)…………………………………………………..…….4, 14

*Virdine v. Enger*
752 F.2d 107 (5th Cir, 1984)……………………………………………………………….9

*Wojcik v Empire Forklift, Inc.*
14 AD3d 63, 65, 783 N.Y.S.2d 698 (3rd Dep't 2004)………………………………………9

*Zarin v. Reid & Priest*
184 A.D.2d 385, 386, 585 N.Y.S.2d 379 (1st Dep't 1992)…………………….…………7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

**INDUSTRIAL QUICK SEARCH, Inc,**
**MICHAEL MEIRESONNE,**
**MEIRESONNE & ASSOCIATES, Inc.**
                              **Plaintiffs,**          09-cv-1340 (SLT)(JO)

          -against-

**MILLER, ROSADO & ALGOIS, LLP,**
**CHRIS ROSADO and**
**NEIL A. MILLER, Esq.**
                              **Defendants.**
-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to Defendants' motion for summary judgment. References are to plaintiff's affidavit ("Meiresonne Aff."), or to Plaintiff's Counter- Rule 56.1 Statement ("56.1") or to a Deposition Transcript ("Dep"), to the Michelen Rebuttal Affirmation  or to the Decision of Judge Owen in the spoliation hearing, or to the *Thomas Publishing* complaint.  As an example, 56.1(1) refers to the first paragraph of Plaintiff's Rule 56.1 statement. Accompanying this Notice of Motion and Affirmation is:

    a.      Declaration of Michael Meiresonne, [Meiresonne Affidavit"] ;

    b.      Rebuttal Affidavit of Oscar Michelen, Esq., ["Michelen Affidavit"];

c.     Rule 56.1 Counter- Statement of Plaintiff ["56.1"];

d.     Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment;

e.     Affirmation of Andrew Lavoott Bluestone, Esq. ["Bluestone Aff."]

f.     Exhibits as more fully set forth in the "List of Exhibits" ["Exh."].[1]

This is an action for legal malpractice in tort and contract. [Meiresonne Aff, ¶; 56.1(1)]; in which the Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1332(a) (1) and 1367. [Answer, ¶s 8,9,10; Rule 26 Disclosure; 56.1(2)] More than $ 150,000 is in dispute.[2]

# POINT I

## DEFENDANTS FAIL TO DEMONSTRATE
## A PRIMA FACIE ENTITLEMENT TO SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute

---

[1]   The court is respectfully referred to Plaintiff's Motion for Partial Summary Judgment along with the exhibits therein, which are not reproduced here.  The same exhibit designations are used in both this Memorandum and Declaration group of documents as were used in that Motion.

[2]   Plaintiff refrains from re-stating the facts (and counter-facts) in this Memorandum and respectfully asks the Court to see its Rule 56.1 Statement as well as the facts set forth in the Declarations and Memorandum of Law on Plaintiff's Motion for Summary Judgment and in the Declarations to this Opposition.

as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct.

2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct.

2505, 2509-10 (1986); *Lang v. Ret. Living Pub. Co.*, 949 F.2d 576, 580 (2d Cir.

1991).

A complete lack of genuine dispute must be demonstrated. *Feingold v. New*

*York,* 366 F.3d 1238 (2d Cir. 2004); *Chambers v. TRM Copy Ctrs. Corp,* 43 F3d 29

(2d Cir. 1994). The burden of showing that no genuine factual dispute exists rests

on the party seeking summary judgment. *Adickes v. S.H. Kress & Co.,* 398 U.S.

144, 157, 90 S. Ct. 1598, 1608 (1970); *Chambers, supra.*; *Gallo v. Prudential*

*Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). The movant

may discharge this burden by demonstrating to the Court that there is an absence of

evidence to support the non-moving party's case on an issue on which the non-

movant has the burden of proof. *Celotex Corp. v. Catrett*, supra at 323 .

In evaluating the record to determine whether there is a genuine issue as to

any material fact, "[t]he evidence of the non-movant is to be believed, and all

justifiable inferences are to be drawn in his favor." *Anderson*, supra at 255,   The

Court draws all inferences in favor of the nonmoving party only after determining

that such inferences are reasonable, considering all the evidence presented. *Apex*

*Oil Co. v. DiMauro*, 822 F.2d 246, 252 (2d Cir), cert. denied, 484 U.S. 977, 108 S.

Ct. 489 (1987). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of [*13] the nonmoving party, summary judgment is improper." *Chambers*, supra.

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008); *Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, supra at 248; *SCR Joint Venture L.P. v. Warshawsky,* 559 F.3d 133, 137 (2d Cir. 2009); *Coppola v. Bear Stearns & Co.,* 499 F.3d 144, 148 (2d Cir. 2007). A genuinely triable factual issue exists unless the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *SCR Joint Venture*, supra at 137; *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) .

Material facts are those that "'might affect the outcome of the suit under governing law'" and "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson, supra at 248). The Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Rubens v. Mason*, 527 F.3d 252, 255 (2d Cir. 2008) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962)).

In this matter, each side has retained an expert. Defendant did not proffer the affidavit of an expert upon its motion for summary judgment. Plaintiff did proffer the affidavit of Oscar Michelen, Esq. upon its counter-summary judgment motion. It similarly files the rebuttal opinion of Oscar Michelen, Esq. on this opposition to defendant's motion for summary judgment.

## POINT II

### PLAINTIFF DEMONSTRATES GENUINE
### ISSUES OF MATERIAL FACT

In response to the moving papers of Defendant, Plaintiff demonstrates genuine issues of material fact whether defendant departed from good and accepted

practice in its handling of the issues raised in the complaint, either in the claims of

legal malpractice, breach of fiduciary duty or breach of contract.

If movant demonstrates *prima facie* entitlement to summary judgment, it

becomes opponent's obligation to demonstrate genuine issues of material fact.

(see Point I).  Here, plaintiff demonstrates genuine issues of material fact whether

defendant departed from good and accepted practice in its handling of the issues

raised in the complaint, either in the claims of legal malpractice or breach of

contract through the sworn declaration of Oscar Michelen, the sworn declaration of

Michael Meiresonne, and through the exhibits appended to Plaintiff's own Motion

for Summary Judgment.[3]

## PLAINTIFF HAS DEMONSTRATED A
## MERITORIOUS CLAIM OF LEGAL MALPRACTICE

Plaintiff demonstrates that (at a minimum) there are genuine questions of

fact whether defendants departed from good and accepted practice in their handling

of the case below.  That showing is sufficient to require the Court to deny

summary judgment to Defendant.

A legal malpractice action must allege attorney negligence which is the

proximate cause of a loss and actual damages." *Achtman v. Kirby, McInerney &*

---

[3]   Plaintiff has not appended second copies of the exhibits to this opposition, and respectfully asks that the Court refer to the exhibits appended to Plaintiff's Motion for Partial Summary Judgment.

*Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). This trio of elements must take place during the existence of an attorney-client relationship. *Stonewell Corp. v. Conestoga Title Ins. Co.*, 678 F. Supp. 2d 203, 208 (S.D.N.Y. 2010).   "To find negligence, a court must find sufficient evidence that the defendant-attorney's conduct 'fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of his profession.'" *Id.* at 209 (quoting *Grago v. Robertson*, 49 A.D.2d 645, 646, (3d Dep't 1975). Unique to legal malpractice is the "but for" element which is subsumed in the idea of proximate cause (or substantial effect), "[t]o establish the elements of proximate cause and actual damages for a claim of legal malpractice, the plaintiff must show that 'but for the attorney's negligence, what would have been a favorable outcome was an unfavorable outcome.'" *Stonewell Corp.*, supra, (quoting *Zarin v. Reid & Priest*, 184 A.D.2d 385, 386, (1st Dep't 1992)).

   Plaintiff demonstrates each of these elements in this motion.  As set forth in the 56.1 statement, and supported by the affidavit of Michael Meiresonne, the deposition transcripts of defendants Neil Miller, Esq. and Chris Rosado, Esq. each of the elements is shown.  There is no doubt that the defendants represented plaintiffs in the underlying matter of *Thomas v. Industrial Quick Search, Inc.*

   The affidavit of Michael Meiresonne, coupled with the affidavit of Oscar Michelen, Esq., which bundles two expert reports that were exchanged in this

7

litigation, amply demonstrates that defendants departed from good and accepted practice, fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession,  and that this departure eventually caused IQS to have its answer stricken, defend itself in an inquest, defend itself in an arbitration and eventually pay a settlement of $ 2.5 million dollars on a case in which it had no actual liability, and in which its innocence could have been demonstrated by documentary evidence, had defendants undertaken the work.

In short, defendants failed to advise their client on the procedures concerning a major, 40,000 page document production, failed to advise the clients on the current federal law on preservation of documents, failed to attend, appear, offer help, offer advice, guide, discuss, or  even answer questions over what the plaintiff should do.

Later, after an accusation was made that IQS destroyed documents, or that it failed to preserve documents.  Defendants failed to offer an adequate defense to the claim, even though a ready source of proofs was available through the internet.

The affidavit of Oscar Michelen, Esq,  offered in favor of plaintiff on plaintiff's motion for partial summary judgment, along with his Rebuttal affidavit similarly  demonstrate that defendants departed from good and accepted practice, that the departure was a proximate cause of the injury, that "but for" the departure there would have been a different, better or more successful result for plaintiff, and

8

that plaintiff suffered ascertainable damages. *Rudolph v. Shayne, Dachs, Stanici, Corker & Sauer*, 8 NY3d 438 (2007). This evidentiary showing serves to demonstrate the genuine material questions of fact which remain after defendants-movants filed their motion for summary judgment.


## THE CONFLICTING TESTIMONY OF
## EXPERTS CREATES A QUESTION OF FACT

The conflicting expert testimony [4] itself creates a question of fact to be resolved by a trier of fact and which rules out summary judgment. "[T]he weight to be afforded the conflicting testimony of experts is a matter particularly within the province of the jury." *Gleeson-Casey v Otis Elevator Company*, 268 AD2d 406, 407 (2d Dep't 2000); *Wojcik v Empire Forklift, Inc.* 14 AD3d 63, 65, 783 N.Y.S.2d 698 (3rd Dep't 2004); *Sanchez v Otto Martin Maschinenbau GMBH & Co.*, 281 AD2d 284, 285, 722 N.Y.S.2d 140 (1st Dep't 2001). The papers submitted with the motions include statements of experts who present conflicting opinions.

The parties' conflicting expert affidavits raise issues of fact. *Rodriguez v. City of New York*, 72 Fed. 3d 1051 (2d Cir, 1995); *Newmann v. United States*, 938 F.=.2d 1258 (11th Cir, 1991); *Sitts v. United States*, 811 F.2d 736 (2d Cir, 1987); *Hutchinson v. United States*, 8838 F.2d 390 (9th Cir, 1988) *Virdine v. Enger*, 752

---

[4] So far only plaintiff has offered expert testimony, but defendant's is expected.

F.2d 107 (5th Cir, 1984).   New York state court substantive law appears to apply to this situation. *Frobose v Weiner,* 19 AD3d 258 [1st Dept 2005], and "[w]hen experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution." *Shields v Baktidy*, 11 AD3d 671, 672 (2d Dept 2004). The weight to be afforded the conflicting testimony of experts is a matter particularly within the province of the jury and does not permit summary judgment. *Guzman v. Saks Fifth Ave Corp.,* 141 AD2d 801; *Alsaydi v. GSL Enters.,* 238 AD2d 533; *Niles v. Shue Roofing Co.,* 244 AD2d 820; *Noelle v. Hofflich,* 234 AD2d 655; *Citron v. Northern Dutchess Hosp,* 198 AD2d 618; *Belivacqua v. Bloomberg LP,* 2012 NY Slip Op 30293U (S.Ct. NY Cty 2012) ; *ELO Group LLC v. Greater N.Y. Mut. Ins. Co.,* 2011 NY Slip Op 32948U (S.Ct., NY County 2011); *Janda v. Michael Rienze Trust,* 2009 NY Slip Op 31371U; *Chodos v. Flanzer,* 109 AD2d 771 (2d Dept, 1985)

## PLAINTIFF HAS DEMONSTRATED ITS OWN ENTITLEMENTTO SUMMARY JUDGMENT; HENCE THERE ARE GENUINE AND MATERIAL FACT QUESTIONS

Plaintiff has provided pleadings, affidavits of persons with actual knowledge, expert reports in admissible form, excerpts from deposition transcripts

and documents in support of its claim that defendants departed from good and accepted practice, that the departure was a proximate cause of the injury, that "but for" the departure there would have been a different, better or more successful result for plaintiff, and that plaintiff suffered ascertainable damages. That showing, *ipso facto* demonstrates (at a minimum) that defendant's argument has holes in it, and there are genuine material questions to be answered by the trier of fact.

Summary judgment may only be  granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is a genuine issue of material fact when the evidence shows that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* supra at 255. To decide a motion for summary judgment, all reasonable evidentiary inferences must be made in favor of the nonmoving party, Plaintiff. See id. at 255;  *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 45 (2d Cir. 1988). *Charlotten v. Heid*, 2011 U.S. Dist. LEXIS 86060

Defendant-movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, supra. Summary judgment may only be granted "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex* supra at 322.

Moreover, only if defendant has properly supported its motion does the burden shifts to the nonmoving party to show the existence of a genuine dispute for trial. *Anderson,* supra at 250 [5] The nonmoving party must provide sufficient and specific facts demonstrating the genuine issues for trial, and may not rely on conclusory or speculative allegations to make such a showing. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 288, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968); ] *Golden Pacific Bancorp. v. F.D.I.C.,* 375 F.3d 196, 200 (2d Cir. 2004). Plaintiff has done so through experts' affidavits, affidavits of fact witnesses and exhibits.

A motion for summary judgment may only be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, the court may not "make credibility determinations or weigh the evidence," but instead "must draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

---

[5] It is plaintiff's position that this has not happened.

"Summary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has merit." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) (internal quotation marks omitted). The burden of showing the absence of any genuine dispute as to a material fact rests on the movant. *Adickes*, supra, Defendant has not met its burden, and in any event, Plaintiff has proferred significant materials which demonstrate genuine questions of fact against Defendant.

A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could  return a verdict for the nonmoving party." *Anderson*, supra at 248.   Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp*, supra at 322. In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. A grant of summary judgment is proper "[w]hen no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight." *Gallo*, supra.

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *Major League Baseball Props., Inc.*, supra; *Viola*, supra. The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, supra at 248;   *SCR Joint Venture*, supra at 137; *Coppola*, supra. No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. See *SCR Joint Venture*, supra at 137; *Chertkova*, supra at 86 (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation plaintiff has offered materials setting forth specific facts that show that there is a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). Plaintiff has  presented much more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, supra), more than "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7

14

F.3d 1067, 1072 (2d Cir. 1993); *Matsushita Elec. Indus. Co.*, supra, as well as the allegations in his or her pleadings.  The proofs offered by plaintiff are not conclusory statements, or "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996). Plaintiff has offered multiple affidavits  based on personal knowledge, setting forth such facts as would be admissible in evidence, and must show that the affiant is "competent to testify to the matters stated therein." *Patterson,* supra;  Fed. R. Civ. P. 56(e) (Rule 56(c)(4))

"Rule 56(e)'s requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that non-movant may not rely upon hearsay.  An affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson*, supra at 219 , (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999)).

"A trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, supra at  254-55   "A district court considering a summary judgment motion must also be mindful of the underlying standards and burdens of proof, *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing

15

*Anderson*,), because "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of a summary judgment motion." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). In deciding a summary judgment motion, a court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54 , 57 (2d Cir. 1987).

**PLAINTIFFS STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT, HENCE THERE ARE GENUINE QUESTIONS OF MATERIAL FACT**

The elements of a breach of contract claim in New York are: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004); *Murphy v. Implicito*, 392 N.J. Super. 245, 265, 920 A.2d 678 (App. Div. 2007).

As pled and as demonstrated in this action, the claim is not a "breach of general professional standards." Instead it is a claim of a breach of a particular action or promised result.

Under this pleading and based upon these proofs the complaint states, and the proofs support a breach of contract claim which is meritorious and is not

16

duplicative of the legal malpractice claim  or to be viewed as a redundant

pleading." *Diamond v. Sokol*, supra; *Ideal Steel Supply Corp. v. Beil*, 55 A.D.3d

544, 546, (2d Dep't 2008); *Senise v. Mackasek*, 227 A.D.2d 184, 185, 642

N.Y.S.2d 241 (1st Dep't 1996).

 As the pleadings and proofs support the breach of contact claim, on

Defendant's motion for summary judgment, there remain genuine material

questions of fact which mitigate against the grant of summary judgment.


## MOVANT MAY NOT RELY UPON "JUDGMEMNT" RULE IN A MOTION FOR SUMMARY JUDGMENT

 To the extent movant hides behind the veil of "judgment" his reliance is

unwarranted.  To be sure, "an attorney is only bound to exercise the ordinary

reasonable skill and knowledge of his profession and is not liable for every error of

judgment or opinion as to the law." *Byrnes v. Palmer*, 18 AD 1 (2d Dept,1897).  In

a more modern setting, "attorneys may select among reasonable courses of action

in prosecuting their client's cases without thereby committing malpractice, so that

a purported malpractice claim that amounts only to a client's criticism of counsel's

strategy may be dismissed." *Dweck Law Firm LLP v. Mann*, 283 AD2d 292 (1st

Dept, 2001);  *Rosner v. Paley*. 65 NY2d 736 (1985).

 The key word is "reasonable", and plaintiff demonstrates (at a minimum,

questions of fact) of specific shortcomings and, how this approach by defendant was not reasonable. Modern cases hold that this is a question of fact for the jury to determine.. *Rubens v. Mason, [I, II, III],* 387 F3d 183 (2d Cir,2004); 527 F.3d 252 (2d Cir, 2008).

To be sure, selection of one among several reasonable courses of action does not constitute malpractice. *Rosner v. Paley,* supra. A reasonable course of action does not, and cannot support every choice made by an attorney on behalf of his client. Here, as in *Diamond v. Sokol,* 468 F.Supp.2d 626 ( S.D.N.Y. 2006), there are presently (at a minimum) "genuine issues of fact as to whether the failure" (failing to manage or oversee document discovery) "was a reasonable decision."

Appellant did not offer any strategic explanation for the failures as more fully set forth in the Michelen reports, which had been provided to Defendants long before they moved for summary judgment. The absence of a strategic explanation dooms a claim of strategic judgment. *Pillard v. Goodman,* 82 AD3d 541 (1st Dept, 2011).

At best for defendant, the issue of whether a specific conduct constitutes malpractice or judgment requires a factual determination to be done. *Grago v. Roobertson* 49 AD2d 645, (3d Dept, 1975); *Jacobs v. American Transit Ins. Co.,*

2002 NY Slip Op 50418U (Civ.Ct., NY, 2002).  From the 1890's to today the question of errors of judgment versus failure to exercise ordinary skill and diligence in representation has been debated by Courts.  *Byrnes v. Palmer*, 18 App. Div, 1 ; *Savings Bank v. Ward*, 100 U.S. 195; 25 L.Ed. 621; 10 Otto 195 (1879).

Even today, it is clear that summary judgment may be inappropriate when there is competing evidence (at the summary judgment stage) as to whether an attorney's alleged failure were negligence or merely reasonable trial decisions. *Rubens v. Mason*, supra  At the pleadings stage, the question tilts ever more so strongly towards plaintiff's argument that dismissal is unwarranted on the question of whether defendants negligently failed to move to stay or have the individual claims against Respondent stayed or dismissed.

**CONCLUSION**

For all these reasons, and based upon the significant amount of admissible evidence, declarations, expert opinions and exhibits  offered to show that, at least on defendant's motion for summary judgment,  there remain open questions which require determination by the trier of fact, this motion for summary judgment should, respectfully, be denied.

Dated:     New York, New York
           April 13, 2012


                                        _____
                                        Andrew Lavoott Bluestone